UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES E. HOLDEN, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-03-0466 |
| | : | |
| SUPERINTENDENT MECHLING, | : | (Judge Kosik) |
| | : | |
| Respondent | : | |

**M E M O R A N D U M**

_____This petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed

by James E. Holden on March 14, 2003.  Holden is an inmate presently confined at

the State Correctional Institution at Albion, Pennsylvania.  The required filing fee has

been paid.  In the petition Holden challenges his December 1998 conviction in the

Dauphin County Court of Common Pleas for Robbery and Criminal Conspiracy

(Robbery).  In a Memorandum and Order issued on November 2, 2005, this Court

applied the principles of equitable tolling to the specific facts of this case and

permitted Holden to proceed on the instant petition.  Respondents were directed to

file a response to the petition.[1]   A response and exhibits were thereafter submitted on November 22 and 23, 2005.  (Docs. 23, 24.)  No traverse has been filed by Holden. The petition is ripe for consideration and, for the reasons that follow, will be denied.

## I.   Background

The following facts have been extracted from the January 28, 2000 opinion of the Pennsylvania Superior Court on direct appeal:

> On June 5, 1998, Appellant entered a grocery store in Harrisburg, and after collecting several items approached the cashier's desk.  He placed the groceries on the counter and the owner began to ring up the sale.  When the cash drawer was open, Appellant placed a gun on the counter and instructed the victim to back away.  She did so, telling him to take what he wanted.  He emptied the drawer and left.
>
> Appellant's approach to the store as the passenger in a getaway car was observed by a neighbor looking out his window, and by a young man waiting on the corner for a

---

[1] On April 14, 2003, prior to service of the petition, the Court issued an order dismissing the petition as time-barred under 28 U.S.C. § 2244(d).  On appeal, the United States Court of Appeals for the Third Circuit vacated the Order finding that while this Court had authority to dismiss the petition sua sponte on statute of limitations grounds, it could not do so without first affording Holden prior notice and an opportunity to be heard before summarily dismissing the petition as untimely.  The Third Circuit further noted that on remand this Court could consider whether the Miller/Mason election notice provided in this case constitutes grounds for equitable tolling.  This Court thereafter directed the parties to brief the issue of statute of limitations and equitable tolling.  Ultimately, it was found that the principles of equitable tolling applied under the specific facts of this case, and Respondent was directed to address the merits of Holden's petition.  For a full discussion of the procedural history of this case, see the Memorandum and Order issued on November 2, 2005 (Doc. 16) wherein the petition was deemed timely filed pursuant to the application of equitable tolling.

> friend.  Both watched as Appellant entered the store wearing
> a blue, white and red flannel shirt, and then exited a short
> time later, carrying the shirt over his arm, and clutching a
> wad of cash in one fist.  Both observers continued to watch
> while Appellant, with some difficulty, found the getaway
> driver, entered the car and sped off.  The young man
> reported the car's make, model and license plate number to
> police.

(Doc. 24, Ex. 1, Pa. Super. Ct. Op. dated Jan. 28, 2000.)  Holden was charged on June

27, 1998 with Robbery in violation of 18 Pa. Cons. Stat. Ann. § 3701(a)(1)(ii) and

Criminal Conspiracy in violation of 18 Pa. Cons. Stat. Ann. § 903(ad)(1).  Holden

was arrested on the charges on August 7, 1998, and found guilty of both offenses in

the Dauphin County Court of Common Pleas on December 11, 1998.  On May 17,

1999, Holden was sentenced to an aggregate term of imprisonment of 20 to 40 years,

to be served consecutive to a sentence of 4 to 10 years imposed in the York County

Court of Common Pleas.

Holden filed a direct appeal to the Superior Court of Pennsylvania.  (Doc. 24,

Ex. H.)  In the appeal, Holden raised two grounds – whether the trial court abused its

discretion in allowing the Commonwealth to introduce into evidence other crimes he

committed and whether the trial court abused its discretion in sentencing.   On

January 28, 2000, the conviction and sentence were affirmed.  (Id., Ex. I.)  The

Pennsylvania Supreme Court denied a petition for allowance of appeal.  See

Commonwealth v. Holden, 759 A.2d 383 (Pa. 2000)(table).  (Id., Ex. K.)

On June 19, 2000, Holden filed a pro se petition for relief under the

Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541 et seq.

Counsel was appointed and Holden was permitted to submit an amended PCRA

petition.  In the amended petition, Holden alleged ineffective assistance of trial

counsel in failing to object to the lack of and failure to request a "corrupt and polluted

source" charge to the jury.  On November 6, 2000, the PCRA petition was dismissed

without a hearing.  (Doc. 24, Ex. P, 11/6/00 Order of Dauphin County Court.)  The

Pennsylvania Superior Court affirmed this decision.  See Commonwealth v. Holden,

NO. 2022 MDA 2000,J.S24025/01 (Pa. Super. April 23, 2001).  Holden did not seek

further review in the Pennsylvania Supreme Court.

       In the instant habeas petition, Holden sets forth a single ground.  He argues that

he was denied a fair trial and due process in violation of the United States

Constitution when the trial court abused its discretion by allowing the

Commonwealth to introduce evidence of other crimes alleged to have been committed

by him.  In particular, Holden states that, over defense objections, the trial court

permitted a prosecution witness (James Dorsey) to testify that "earlier in the day, he

and Petitioner attempted to take drugs from a drug dealer by using a gun." (Doc. 1,

Supporting  Memorandum at 9.)  Holden further contends that Dorsey was permitted

to testify that Holden ". . . changed shirts after he committed crimes." (Id.)  Holden

maintains in his habeas petition that in permitting this testimony, the Commonwealth

introduced evidence of two crimes supposedly committed by him – robbery of a drug

4

dealer and the unlawful possession of a controlled substance.  According to Holden,

the trial court ruled that Dorsey's testimony was admissible because is showed

motive, possession of a gun and habit.  Holden argues that even if the motive

exception applies, the prejudice of the evidence outweighed the probative value.

In answering the petition, Respondents first argue that Holden has procedurally

defaulted his sole claim by failing to present any constitutional claim to the state

courts relating to the challenged evidence.  They argue, in the alternative, that even if

considered on the merits, the petition is without merit.  For the reasons that follow,

the petition will be denied.

## II.   **DISCUSSION**

### _____A.    **Exhaustion of State Court Remedies**

Respondent first maintains that Holden procedurally defaulted the sole claim

raised in the petition by failing to present any constitutional claim to the state courts.

It is well established that a state prisoner must exhaust available state court remedies

before seeking habeas relief in federal court.  28 U.S.C. § 2254(b)-(c); Toulson v.

Beyer, 987 F.2d 984, 986 (3d Cir. 1993); Gibson v. Scheidemantel, 805 F.2d 135, 138

(3d Cir. 1986).  "Unless it would be patently futile to do so [state prisoners] must seek

relief in state court before filing a federal habeas petition . . . ."  Santana v. Fenton,

685 F.2d 71, 77 (3d Cir. 1982), cert. denied, 459 U.S. 1115 (1983).  The exhaustion

requirement "is not a mere formality.  It serves the interests of comity between the

federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." <u>Gibson</u>, 805 F.2d at 138.

A habeas corpus petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. <u>Gonce v. Redman</u>, 780 F.2d 333, 336 (3d Cir. 1985). The exhaustion requirement gives states "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004)(quotations omitted). "To provide the [s]tate with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court[,]. . . thereby alerting that court to the federal nature of the claim." <u>Id</u>.; <u>see also</u> <u>Lines v. Larkins</u>, 208 F.3d 153, 159 (3d Cir. 2000), <u>cert. denied</u>, 531 U.S. 1082 (2001). In <u>Duncan v. Henry</u>, 513 U.S. 364, 366 (1995), which concerned exhaustion of an evidentiary issue, the Supreme Court held: "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but [also] in state court." A claim consists of fact and law, and to meet the exhaustion requirement, a petitioner must present both the facts and the law so as to alert the state courts as to the substance of the claim. <u>McCandless v. Vaughn</u>, 172 F.3d 255, 261 (3d Cir. 1999). Fair presentation requires that the "substantial equivalent" of a petitioner's federal habeas claim must have been presented to the state courts. <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997), <u>cert. denied</u>, 532 U.S. 919

(2001).  In addition, "the state court must have available to it the same method of legal analysis as that to be employed in federal court." Id.[2]

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available state corrective process.'" McCandless, 172 F.3d at 260.  In deference to the tenets of federalism and comity, a district court will not hear argument on issues that were procedurally defaulted at the state level. See Lambrix v. Singletary, 520 U.S. 518, 523 (1997).  If the doors to the state courthouse are closed to the petitioner because of an independent and adequate state procedural rule, the doors to the federal courthouse may be opened only if the petitioner shows both cause for the procedural default and prejudice resulting therefrom, or establishes that failure to consider the claim will result in a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Respondent maintains that the only challenge raised in the Pennsylvania courts was based on state law of evidence, not the Constitution of the United States.  A

---

[2]  The exhaustion requirement is satisfied if a federal habeas petitioner's claims are either presented to the state courts directly on appeal from the judgment of conviction and sentence or through a collateral proceeding, such as a PCRA petition. It is not necessary for an applicant seeking federal habeas relief to present his federal claims to state courts both on direct appeal and in a PCRA proceeding.  Evans v. Court of Common Pleas, 959 F.2d 1227, 1230–31 (3d Cir. 1992); Swanger v. Zimmerman, 750 F.2d 291, 295 (3d Cir. 1984).

review of the direct appeal filed by Holden confirms this argument.  Holden argued in his direct appeal to the Pennsylvania courts that the trial court abused its discretion in allowing the Commonwealth to introduce into evidence other crimes he committed. Holden presented his claim in the state courts as a violation of state evidentiary rules and law, and argued that exceptions to the state evidentiary rules applied in his case.

As stated in <u>Baldwin</u>, 541 U.S. at 32-33 (2004), "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'".   In the present case, Holden did not claim that the state's evidentiary rulings denied him "due process of law guaranteed by the Fourteenth Amendment" or deprived him of a fair trial in violation of the Constitution.  He strictly presented the ground as a challenge to state law of evidence. He cited to no federal law and the analysis applied by the state courts in deciding his claim was based upon state court precedent analyzing state evidentiary rules.

Further, it is clear that Holden has procedurally defaulted his claim.  Holden had the ability to challenge his conviction by way of direct appeal and/or a PCRA petition.  In his direct appeal, he failed to present his ground as a federal claim. Direct review became final on August 30, 2000, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of review when Holden failed to file a petition

for certiorari in the Supreme Court of the United States. Holden thereafter had one year, or until August 30, 2001, to file a PCRA petition asserting the ground he seeks to pursue in the instant habeas corpus action. Although he did file a PCRA petition, he did not include a ground asserting a claim that evidence of his prior criminal activity violated his rights under the Sixth and Fourteenth Amendments. Clearly, he has procedurally defaulted his claim.

Without unnecessary elaboration, there exists no basis in this case for finding the existence of cause for the default or a fundamental miscarriage of justice. In fact, Holden has not submitted a Traverse replying to the procedural default argument presented by Respondent. Accordingly, the Court finds that Holden has not fairly presented the sole ground raised in the instant petition and has procedurally defaulted the claim. There exists no basis for excusing the procedural default as Holden has not demonstrated that he is actually innocent and has failed to demonstrate why the claim could not be presented to the state courts.

**B.    Merits**

**1.    <u>Standard of Review</u>**

Even if Holden's claim on direct appeal could somehow be liberally construed to implicate a federal question, the Court finds that the sole ground raised in the instant petition is without merit. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications

in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). See generally, Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir. 2001). The Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. Williams v. Taylor, 529 U.S. 362, 404-405 (2000). As explicated in Bell, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts . . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case . . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable . . . .

In summary, the appropriate inquiry for federal district courts in reviewing the merits of § 2254 petitions is whether the state court decisions applied a rule different

from the governing law set forth in United States Supreme Court cases, decided the

case before them differently than the Supreme Court has done on a set of materially

indistinguishable facts, or unreasonably applied Supreme Court governing principles

to the facts of the particular case.  State court factual findings may be set aside only if

rebutted by clear and convincing evidence.

    **2.**    <u>**Analysis**</u>

       Holden challenges the admission of evidence that (1) he and his co-conspirator

(the driver of the getaway car) attempted to rob a drug dealer prior to robbing the

grocery store and (2) he (Holden) had a habit of changing his shirt when committing a

crime, as he had done before robbing the store.  It is well established that an inquiry

into whether evidence was properly admitted or improperly excluded under state law

"is no part of a federal court's habeas review of a state conviction [for] it is not the

province of a federal habeas court to reexamine state-court determinations on state-

law questions.  <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).  A question

involving the admissibility of evidence is subject to review by a federal court in a

habeas proceeding only where the trial error infringes upon a specific constitutional

protection or is so prejudicial as to constitute a due process violation.  <u>See</u> <u>Burgett v.</u>

<u>Texas</u>, 389 U.S. 109, 113-14 (1967).  Thus, to the extent Holden's claim implicates a

violation of state evidentiary rules, not federal law, his claim is not cognizable in a

federal habeas proceeding.  <u>See</u> <u>Johnson v. Rosemeyer</u>, 117 F.3d 104, 109 (3d Cir.

1997); see also Geschwendt v. Ryan, 967 F.2d 877, 888-89 (3ad Cir. 1992).

Even construing Holden's claim to allege a violation of federal law, as he purportedly brings the claim under the Sixth and Fourteenth Amendments, he fares no better.  In addressing Holden's claim, the Superior Court of Pennsylvania stated as follows:

> It is well settled law that while prior bad acts unrelated to the charge are inadmissible, there are exceptions, as when the information tends to prove motive or malice, common scheme, plan or design, intent, history or natural development of the facts, identity, absence of mistake or accident.  Commonwealthl v. LaCava, 542 Pa. 160, 666 A.2d 221 (1995); Commonwealth v. Lark, 518 Pa. 290, 543 A.2d 491 (1988).  Here the trial court allowed the evidence concerning the attempted robbery of the drug dealer because it made clear that having failed to obtain money from that source, Appellant and his cohort were in need of an alternative.  Thus the testimony provides proof of both the motive and the sequence of events which culminated in the grocery store robbery.

> As to the shirt, the same witnesses who identified Appellant's shirt as he entered the store testified that he had removed and was carrying it on the way out.  The shirt was in fact later found discarded. Thus the evidence from the driver concerning Appellant's sartorial habits too was admissible, as proof of intent.

(Doc. 24, Ex. I, Super. Ct. Op. dated Jan. 28, 2000 at 2-3.)

In Swainson v. Varner, No. Civ. A. 99-6480, 2002 WL 241024 (E.D. Pa. Feb. 19, 2002), the United States District Court for the Eastern District of Pennsylvania addressed the issue of whether a state court's improper admission of testimony regarding prior bad acts serves as a ground for federal habeas relief.  The court stated:

> It is not the court's role on habeas review to decide whether
> a state trial judge's decision to admit evidence pursuant to
> state evidentiary rules was proper.  See Marshall v.
> Lonberger, 459 U.S. 422, 438 n.6, 103 S.Ct. 843, 74 L.Ed.
> 2d 646 (1983).  Violation of a state evidence rule does not
> constitute grounds for habeas corpus relief absent a due
> process violation.  Engel v. Isaac, 456 U.S. 107, 119, 102 S.
> Ct. 1558, 71 L.Ed. 2d 783 (1982).  '[A] federal court cannot
> disturb on due process grounds a state court's decision to
> admit prior bad acts evidence unless the admission of the
> evidence was arbitrary or so prejudicial that it rendered the
> trial fundamentally unfair.'  Johnson v. Love, 940 F.Supp.
> 738 (E.D. Pa. 1996)(quoting Walters v. Maas, 45 F.3d 1355,
> 1357 (9th Cir. 1995)).

Id. at *9.  The relevant inquiry is whether the evidence of prior bad acts is rationally

connected to the crime charged.  See Carter v. Jago, 637 F.2d 449, 457 (6th Cir. 1980).

In raising his challenge on direct appeal, the Pennsylvania Superior Court

noted that, under Pennsylvania law, situations where evidence of other bad acts can

be introduced is where the proffered testimony tends to establish the defendant's

motive for the crime for which he is being tried, or where the information tends to

form parts of the history, chain of events, common scheme, plan, intent or design.

In the instant case, the trial court's admission of the challenged evidence did

not render the trial unfair so as to violate Holden's due process rights.  The trial court

allowed evidence of the failed attempt to rob a drug dealer with a gun immediately

prior to the grocery store robbery to establish motive and history/sequence of events.

Since the first robbery attempt had failed, Holden and his cohort were in need of an

alternative.  With regard to the shirt, the same witnesses who had identified Holden's

13

shirt as he entered the store also testified that he had removed and was carrying the shirt on his way out of the grocery store.  This shirt was later found discarded.  As such, the testimony of the driver of the getaway car regarding Holden's habit in changing his shirt when he committed a criminal act goes to proof of intent.

Based on the foregoing, it cannot be said that Holden's due process rights were denied when the trial court allowed the challenged evidence.  It is clear that the evidence permitted was rationally connected to the crime charged, and therefore not contrary to or an unreasonable application of United States Supreme Court precedent, or based upon an unreasonable determination of the facts in light of the evidence presented at trial.  Accordingly, the petition for writ of habeas corpus can also be denied on the merits. An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


JAMES E. HOLDEN,                              :
                                             :
            Petitioner                       :
                                             :
      v.                                     :   CIVIL NO. 3:CV-03-0466
                                             :
SUPERINTENDENT MECHLING,                     :   (Judge Kosik)
                                             :
            Respondent                       :


**O R D E R**

**NOW, THIS 22nd DAY OF MARCH, 2006,** for the reasons set forth in the

accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1.    The Petition for Writ of Habeas Corpus is **DENIED**.

2.    The Clerk of Court is directed to mark this matter **CLOSED**.

3.    Based on the Court's conclusion herein, there is no basis for the
      issuance of a certificate of appealability.


                              s/Edwin M. Kosik
                              United States District Judge